UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLPH S. KOCH )
7701 Woodmont Avenue, Apt. 807 )
Bethesda, MD 20814, )
)
      Plaintiff )
vs. ) File No.
)
CHRISTOPHER COX )
in his official capacity )
as Chairman, )
U.S. Securities and Exchange Commission ) JURY REQUESTED
100 F Street, N.E. )
Washington, D.C. 20549, )
) Case: 1:08-cv-01521
      Defendant. ) Assigned To : Friedman, Paul L.
) Assign. Date : 8/29/2008
                            Description: Employ. Discrim.

**FILED** AUG 29 2008 Clerk, U.S. District and Bankruptcy Courts

## COMPLAINT

### Nature of the Action

1.     This is a federal sector equal employment opportunity action in which Plaintiff seeks declaratory and injunctive relief, compensatory damages and other relief in connection with adverse personnel actions, retaliation, and continuing violations taken against him in violation of the federal equal employment opportunity laws by his employer, the United States Securities and Exchange Commission (the "Agency"). Such actions also constituted a hostile work environment under which Plaintiff was forced to work by the Agency.

### Jurisdiction

2.     Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 2202, as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S;C. § 2000e; Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794; and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*

## Venue

3.  Venue is proper in the District of Columbia because the actions complained of took place there.

## Parties

4.  Randolph S. Koch is a citizen of the United States and a resident of Bethesda, Maryland. He is now and at all times hereafter mentioned was an employee of the United States Securities and Exchange Commission, having been continuously employed by that agency since December 16, 1991.

5.  Defendant Christopher Cox is the Chairman of the Securities and Exchange. He is sued in that capacity.

## Factnal History

6.  Plaintiff is a white male. His age at the time of the alleged discriminatory and retaliatory actions was over 40 years. His religion is Jewish. Plaintiff suffers from several major medical conditions which are disabling, including cardiovascular disease, gout and obstructive sleep apnea. In particular, major life activities limited by his medical conditions include breathing, sleeping, circulation of blood, working and walking, In addition, Koch also has a record of such limitations and is regarded by his employer, the Agency, as having such limitations.

7.  Plaintiff has filed multiple complaints alleging violations of Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act, and has otherwise participated in the agency EEO process.

8.  Plaintiff has been employed during his entire tenure at the Agency as a GS-12 Financial Analyst and SK-12 Financial Analyst. His work assignments, however, are

2

virtually identical to the work assignments performed by attorneys in his office, the Office of Disclosure. Koch has no training in financial analysis.

9. Plaintiff's work assignments are grossly inconsistent with the work assignments envisioned under Plaintiff's official Agency Position Description.

10. The Plaintiff has exhausted the administrative process available in the Securities and Exchange Commission and the Equal Employment Opportunity Commission to the extent it was available to him. For some of the wrongful acts complained of here, the Agency repeatedly refused to make available to Plaintiff the services of EEO counselors for the informal administrative process. Plaintiff repeatedly requested the services of an EEO counselor throughout the period covered by this action. The Agency's EEO office, with respect to the activities complained of, repeatedly and persistently acted in violation of the law.

11. On September 1, 1999, SEC Management put Plaintiff on leave restriction. Such action was completely unwarranted in light of Plaintiff's legitimate history of serious illness and improving attendance record in the months immediately preceding. This action was in retaliation for Plaintiff's protected EEO activity and also constituted a refusal by the Agency to participate in the required interactive process and reasonably accommodate Koch's disabilities.

12. During the period that followed, for over a year, Koch was constantly harassed by his immediate supervisor, who rigorously monitored Koch's attendance, demanded accountability and charges to leave, including AWOL, for the most minimal lateness and absence. No other employee in Koch's office was held to such strict compliance with time and attendance requirements and reporting.

13. Also during that period, Agency management engaged in a malicious harassment program by imposing on Plaintiff a strict curfew, unlike any requirement imposed on any other employee. Under this curfew, Plaintiff had to leave the premises by a fixed time each day.

14. Despite Plaintiff's well-documented and serious medical problems, and the need to seek medical treatment, the Agency continued to demand that Plaintiff provide medical documentation for each treatment visit; such demands were in violation of the Rehabilitation Act and the Family and Medical Leave Act.

15. On or about October 13, 1999, Plaintiff's managers issued a formal reprimand to Plaintiff. Such action was completely undeserved and unjustified. It was, in part, in retaliation for Koch's protected activity.

16. The Agency's managers suspended Koch for the one week period between August 28, 2000 and September 1, 2000. Such action was malicious and completely undeserved and unjustified. It was part of well-designed campaign of harassment against Koch.

17. Plaintiff's disabilities are well-documented and well-established disability under the requirements of the Rehabilitation Act. He is a qualified individual with multiple disabilities. At least one disability, obstructive sleep apnea was confirmed by the Agency's own consulting occupational health physician. The Agency, however, has repeatedly refused to grant Plaintiff reasonable and very limited accommodations that would ameliorate any purported time and attendance problem, even though the Agency's allegations of such a "problem" are unwarranted, malicious and without merit.

18. Instead of engaging in the required interactive process with respect to Plaintiff's accommodation requests, the Agency either ignored them, laughed at them, or, at best, summarily denied them without justification. The Agency has never stated that it disputed Plaintiff's status as a qualified person with a disability, and never stated why any of the requested accommodations posed an undue hardship upon the agency. On one occasion, when Plaintiff requested a transfer to a different job—one type of accommodation envisioned under Equal Employment Opportunity Commission guidance—his immediate supervisor just laughed in his face. Shortly thereafter, his immediate supervisor went out into the hall, and mockingly repeated the request to the Associate Director of the Division, who smirked and also laughed at Plaintiff.

19. The Agency retaliated against Plaintiff by issuing him improper performance appraisals in 1999 and 2000, as well an improper interim performance appraisal in or about November 1999. Further, to the extent that the Agency has any argument at all that there are any performance problems at all—a dubious proposition—the Agency bears complete responsibility for such shortcomings by reason of its repeated refusals to engage in the interactive process or pursue the accommodation process in good faith.

20. As a general matter, and as part of an obvious program of harassment by Agency managers, Plaintiff was repeatedly subject to abusive and discourteous treatment by various managers in the period between September 1999 and February 14, 2001.

21. In April 2000, Plaintiff was assaulted by a manager in the Division of Investment Management. Plaintiff believes the miscreant was not properly disciplined. Agency management created and/or permitted the development of a climate where such

misconduct was tolerated, if not actually encouraged. The Agency failed to provide a secure and non-threatening environment to Plaintiff even after the incident.

22. In sum, all of the above actions and events constitute violations of the equal employment opportunity laws, including retaliation for protected activity, discrimination based on religion, race, age and disability, and refusal to accommodate. In addition the aggregate of all such actions constituted an ongoing pattern of harassment and abuse sufficient to create a hostile work environment.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues triable by jury in this matter.

## Relief Requested

WHEREFORE:

The Plaintiff, Randolph S. Koch, respectfully asks the Court:

1.) to enter a permanent injunction against the Securities and Exchange Commission, it supervisors, employees and agents, ordering them to cease and desist from engaging in the discriminatory and retaliatory practices described above and to grant the accommodations requested by Plaintiff;

2.) to order such affirmative relief as is appropriate, including damages.

3.) to order whatever other equitable relief the Court deems appropriate.

Respectfully submitted,

8/29/08
DATE

*[signature]*
RANDOLPH S. KOCH
Plaintiff
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814
(O) 202-551-6984
(H) 301-656-0645



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Randolph S. Koch,
Complainant,

v.

Christopher Cox,
Chairman,
Securities and Exchange Commission,
Agency.

Request No. 0520080504

Appeal No. 0120061643

Agency No. 01-01

## DENIAL

Complainant timely requested reconsideration of the decision in *Randolph S. Koch v. Securities and Exchange Commission*, EEOC Appeal No. 0120061643 (April 2, 2008). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120061643 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0408)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive

**FILED**
08 1521   AUG 29 2008
Clerk, U.S. District and
Bankruptcy Courts

2                                                                    0520080504

this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action")).

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAY 3 0 2008
_____
Date

3                                                                                                         0520080504

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Randolph S. Koch
P.O.B. 30008
Bethesda, MD  20824-0008


Deborah Balducchi, EEO Director
Office of Equal Employment Opportunity
Securities and Exchange Commission
100 F. St., NE
Washington, DC 20549


__MAY 3 0 2008__
Date

_[signature]_
Equal Opportunity Assistant

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Montgomery, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Christopher Cox
in his Official Capacity as Chairman, U.S.
Securities and Exchange Commission

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Randolph S. Koch
7701 Woodmont Avenue, Apt. 807
Bethesda, MD 20814

Case: 1:08-cv-01521
Assigned To : Friedman, Paul L.
Assign. Date : 8/29/2008
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other) OR ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⦶ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦶ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of Civil Rights Act of 1964, 42 USC 2000e; Sections 501 and 505 of Rehabilitation Act of 1973, 29 USC 791, 794; ADEA, 29 USC 621 et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ undetermined   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE 08/29/2008   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.