| | |
|---|---|
| RANDOLPH KOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-1521 (PLF) |
| | ) |
| MARY L. SCHAPIRO, | ) |
|   Chairman, U.S. Securities and | ) |
|   Exchange Commission, | ) |
| | ) |
| Defendant.[1] | ) |
| | ) |

OPINION

        This employment discrimination matter is before the Court on defendant's motion to dismiss and plaintiff Randolph Koch's motion for discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. After careful consideration of the parties' papers, the relevant case law and statutes, and the entire record in this case, the Court will grant the defendant's motion in part and will deny it in part and will grant plaintiff's motion in part and will deny it in part.[2]

---

[1]     The Court has substituted Mary Schapiro, the current Chairman, in place of former Chairman Christopher Cox pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]     The Court has before it the following papers in connection with these motions: Plaintiff's Complaint ("Compl."); Defendant's Motion to Dismiss ("Mot"); Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."); Defendant's Reply in Support of Her Motion to Dismiss ("Reply"); Plaintiff's Rule 56(f) Motion for Continuance to Conduct Needed Discovery ("56(f) Mot."); Defendant's Opposition to Plaintiff's Rule 56(f) Motion for Continuance to Conduct Discovery; and Plaintiff's Reply in Support of His Rule 56(f) Motion for Continuance to Conduct Needed Discovery.

I. BACKGROUND

Mr. Koch has been employed by the United States Securities and Exchange Commission ("SEC") since 1991 as a GS-12 Financial Analyst and as a SK-12 Financial Analyst. See Complaint ("Compl.") ¶¶ 4, 8. He is a white male. See id. ¶ 6. He is Jewish. See id. At the time of the relevant events he was more than 40 years old. See id. He asserts that he suffers from, and has a record of, disabling medical conditions that include cardiovascular disease, gout, and sleep apnea. See id. Based on these various protected statuses, plaintiff has filed numerous lawsuits against the SEC, many of which have been or currently are before this Court, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. See id.. ¶ 7. Plaintiff also has participated in numerous EEO proceedings. See id.

In the matter currently before the Court, plaintiff alleges that on account of his previous protected activity, his alleged disabilities, his religion, his race, and his age, the SEC discriminated against him, retaliated against him, and subjected him to a hostile work environment. See id. ¶ 22. In support of this claim, plaintiff puts forward a series of allegations, most of which have been the subject of previous and collateral litigation. Specifically, plaintiff alleges the following about his employment by the SEC: (1) his work assignments are inappropriate, see id. ¶ 9; (2) beginning in September 1999, SEC management put plaintiff on a leave restriction and otherwise rigorously monitored his attendance, see id. ¶¶ 11, 12; (3) SEC management imposed a strict curfew upon plaintiff, requiring him to leave the premises by a fixed time each day, see id. ¶ 13; (4) the SEC required documentation from plaintiff for his

doctors' appointments and failed to accommodate his disability, see id. ¶¶ 14, 18; (5) in 1999, SEC managers issued plaintiff a formal reprimand that plaintiff believes was undeserved and unjustified, see id. ¶ 15; (6) in 2000, the SEC suspended plaintiff for one week as part of a harassment campaign, see id. ¶ 16; (7) in 1999 and 2000, the SEC issued plaintiff performance evaluations that plaintiff believes were improper, see id. ¶ 19; (8) plaintiff has been the subject of an alleged harassment campaign and subject to discourteous and abusive treatment, see id. ¶ 20; (9) in April of 2000, an SEC manager allegedly assaulted plaintiff, see id. ¶ 21. The SEC has moved to dismiss all of plaintiff's claims.

## II. STANDARD OF REVIEW

Because plaintiff is proceeding *pro se*, the Court reviews his filings under "less stringent standards than formal pleadings [or legal briefs] drafted by lawyers," Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520, (1972)), and, when necessary, "examine[s] other pleadings to understand the nature and basis of [plaintiff's] *pro se* claims." Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002). Although plaintiff is proceeding *pro se*, the Court notes that plaintiff is a graduate of Georgetown University Law Center and is a lawyer. See Opp. at 2. In addition, as the Court is well aware, plaintiff is an active litigant and has experience pursuing numerous employment discrimination matters.

Rule 8(a) of the Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"

3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." Id. "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)) (other citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556). A complaint alleging facts that are "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557) (brackets omitted).

### III. DISCUSSION

Numerous of plaintiff's claims either have been raised in previous litigation or are currently pending in collateral litigation. Defendant argues that many of these claims are barred by the doctrines of claim preclusion and issue preclusion. Defendant also argues that plaintiff's

4

claims that are currently pending in collateral litigation must be dismissed. Before reaching the merits of plaintiff's claims, the Court will address these arguments.

*A. Claim Preclusion and Issue Preclusion*

Defendant argues that many of plaintiff's claims are barred either by the doctrine of *res judicata* ("claim preclusion") or the doctrine of collateral estoppel ("issue preclusion"). Specifically, defendant argues that the following claims are barred by either claim preclusion or issue preclusion: (1) plaintiff's claim regarding his August 2000 suspension, see Compl. ¶ 16; (2) plaintiff's claim regarding the SEC's alleged failure to accommodate his alleged disability, see id. ¶¶ 17, 18, 20; and (3) plaintiff's claim regarding an SEC manager's alleged assault on him, see id. ¶ 21. See Reply at 1-5. Both defendant and plaintiff tend to conflate the separate doctrines of claim preclusion and issue preclusion in their briefs, so in the interest of clarity, the Court will discuss each doctrine separately.³

1. Claim Preclusion

Defendant argues that several of plaintiff's claims are barred by the doctrine of claim preclusion. See Mot. at 6-10. As the United States Court of Appeals for the District of Columbia Circuit has explained:

---

³ "The doctrine of res judicata usually is parsed into claim preclusion and issue preclusion." NextWave Personal Comm's Inc. v. FCC, 254 F.3d 130, 143 (D.C. Cir. 2001) (internal citations omitted). A generic reference to "*res judicata*" typically implies "claim preclusion." See 18 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4402 (2d ed. 2002). Similarly, a reference to "collateral estoppel" typically implies "issue preclusion." See id. In her briefs, defendant uses the terms "*res judicata*" and "collateral estoppel." In the interest of analytic clarity, however, the Court will use the terms "claim preclusion" for "*res judicata*," and "issue preclusion" for "collateral estoppel."

5

> Under the claim preclusion aspect of *res judicata*, a final judgment
> on the merits in a prior suit involving the same parties or their
> privies bars subsequent suits based on the same cause of action.
> . . . Claim preclusion prevents parties from relitigating issues they
> raised or could have raised in a prior action on the same claim.

NextWave Personal Comm's Inc. v. FCC, 254 F.3d at 143 (citation and internal quotation marks omitted). The doctrine only applies when: (1) there was a final judgment on the merits in the first action; (2) the present claim is the same as the claim that was raised or that might have been raised in the first proceeding; and (3) the party against whom claim preclusion is asserted was a party or was in privity with a party in the previous case. See Jacobson v. Oliver, 555 F. Supp. 2d 72, 78 (D.D.C. 2008). "Dismissals for lack of jurisdiction, however, are not decisions on the merits and therefore have no claim preclusive effect on subsequent attempts to bring suit." NextWave Personal Comm's Inc. v. FCC, 254 F.3d at 143 (internal quotations and brackets omitted).

Although many of plaintiff's allegations have been raised in prior lawsuits, only one of plaintiff's current allegations is barred by the doctrine of claim preclusion. Plaintiff asserts that the SEC retaliated against him by issuing him improper performance appraisals in 1999 and 2000. See Compl. ¶ 19. He argues that this action is an adverse employment action because it resulted in the agency's decision not to enroll him in the student loan repayment program. See Opp. at 15.[4] This claim, however, is one that was raised in Koch v. Schapiro, Civil Action No. 06-0656 (D.D.C). In that case, as in this one, plaintiff alleged that the SEC

---

[4] Plaintiff must make the argument in this fashion because a mediocre or poor performance evaluation typically does not constitute an adverse action sufficient to maintain an employment discrimination or retaliation claim unless it results in financial harm or has other tangible consequences. See Baloch v. Kempthorne, 550 F.3d 1191, 1199 (D.C. Cir. 2008).

retaliated against him by not enrolling him in the agency's student loan reimbursement program based on allegedly improper performance appraisals in 1999 and 2000. See Complaint, Koch v. Schapiro, Civil Action No. 06-0656, Dkt. No. 1, ¶¶ 11-17 (D.D.C. Apr. 10, 2010). The Court granted summary judgment for the defendant in that case on March 23, 2010. See Memorandum Opinion, Koch v. Schapiro, Civil Action No. 06-0656, Dkt. No. 43 (D.D.C. March 23, 2010). Plaintiff's claims in that case were decided on their merits, his current claims involving the 1999 and 2000 performance appraisals were raised in that case, and the current parties are identical to those in the prior case. Claim preclusion therefore bars plaintiff from pursuing this claim. See Ivey v. Paulson, 574 F. Supp. 2d 141, 142 (D.D.C. 2008) (citing Drake v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002)) (claims involving the "same nucleus of facts" are barred).

None of plaintiff's remaining claims, however, are barred by the doctrine of claim preclusion because they were previously dismissed for jurisdictional defects and were not adjudicated on the merits. See FED. R. CIV. P. 41(b) (dismissal for lack of jurisdiction is not an adjudication on the merits). See also Koch v. Donaldson, Civil Action No. 01-1812, 2006 WL 2348529 at *5-6 (D.D.C. Aug. 14, 2006); Koch v. Donaldson, 260 F. Supp. 2d 86, 91-92 (D.D.C. 2003); Koch v. United States, 209 F. Supp. 2d 89, 93-96 (D.D.C. 2002).

2. Issue Preclusion

Defendant next argues that if claim preclusion does not apply to plaintiff's claims, then issue preclusion requires dismissal. See Rep. at 1-5. The court of appeals has explained:

> Collateral estoppel [issue preclusion] requires three elements[:] . . . [1] the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[;] [2] the issue must have been actually and necessarily determined by

>a court of competent jurisdiction in that prior case[; and] [3] preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

Martin v. Dep't of Justice, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992)). "[O]nce an *issue* is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." Citizen Potawatomi Nation v. Salazar, 624 F. Supp. 2d 103, 119 (D.D.C. 2009) (quoting Yamaha Corp. of Am. v. United States, 961 F.2d at 254 (emphasis in original)). "If a party could have made an argument based on the legal issue raised, but did not do so, the party is not permitted to raise it in the new case." Id. (quoting Securities Indus. Ass'n v. Bd. of Governors, 900 F.2d 360, 364 (D.C. Cir. 1990)).

Defendant argues that the following claims are barred: (1) plaintiff's claim in paragraph sixteen of the Complaint in this case regarding his suspension, see Koch v. Donaldson, Civil Action No. 03-1812, 2006 WL 2348529 at *3 (D.D.C. Aug. 14, 2006); (2) plaintiff's claim in paragraph twenty of the Complaint regarding discourteous treatment by management, see id.; and (3) plaintiff's claim in paragraph twenty-one regarding an alleged assault on plaintiff by an SEC manager. See Koch v. United States, 209 F. Supp. 2d 89, 91 (D.D.C. 2002). Although these issues have been raised in previous proceedings, plaintiff's current claims regarding these incidents invoke different statutes, with different jurisdictional requirements, than previously asserted. While "the principles of [issue preclusion] apply to questions of jurisdiction as well as to other issues," the same jurisdictional issue must be raised in the second suit for issue preclusion to apply. GAF Corp. v. United States, 818 F.2d 901, 912 (D.C. Cir. 1987); Dozier v. Ford Motor Co., 702 F.2d 1189, 1196 (D.C. Cir. 1983); Whittington v. United States, 607 F.

Supp. 2d 43, 47 (D.D.C. 2009); Safadi v. Novak, 574 F. Supp. 2d 52, 55 (D.D.C. 2008). As explained below, plaintiff is not attempting to relitigate the jurisdictional defects that led to the dismissal of his previous suits — a distinction which defendant ignores in her reliance on Safadi v. Novak, 574 F. Supp. 2d at 55 (relitigation of the same jurisdictional defect).[5]

In Koch v. Donaldson, Civil Action No. 03-1812 (D.D.C.), plaintiff raised the issue of his August 2000 suspension in support of his claim under the Civil Service Reform Act ("CSRA") that the SEC retaliated against him for engaging in protected whistleblower activity. The Court dismissed his claims for failure to exhaust his administrative remedies and to satisfy the jurisdictional requirements of the CSRA. See Koch v. Donaldson, Civil Action No. 03-1812, 2006 WL 2348529 at *6 (D.D.C. Aug. 14, 2006) (Report and Recommendation); see also Koch v. Donaldson, Civil Action No. 03-1812, Dkt. No. 35 (D.D.C. Oct. 17, 2006) (Memorandum Opinion and Order adopting Report and Recommendation in its Entirety). In this case, however, plaintiff alleges that his suspension from August 28, 2000 to September 1, 2000 was part of the SEC's campaign to create a hostile work environment and to retaliate against him for engaging in protected activity, in violation of the Rehabilitation Act, Title VII, and the ADEA. See Compl. ¶¶ 16, 21, 22. The doctrine of issue preclusion does not foreclose him from pursuing a claim based on the suspension under a different statute. See Safadi v. Novak, 574 F. Supp. 2d at 55

---

[5] Ivey v. Paulson, 574 F. Supp. 2d 141 (D.D.C. 2008), upon which defendant relies, also is inapposite because it dealt with claim preclusion, not issue preclusion. It is true that when a case has been adjudicated on the merits, a plaintiff cannot later assert a separate claim using facts "arising out of the same transaction or occurrence." See id. at 142 (citing U.S. Indus., Inc. v. Blake Const. Co., 765 F.2d 195, 205 (D.C. Cir. 1985)). As has already been discussed, however, many of plaintiff's previous suits have not been adjudicated on the merits, so claim preclusion does not apply to claims asserted therein.

9

(issue preclusion "preclude[s] relitigation of the *precise issue of jurisdiction* that led to the initial dismissal.") (citing GAF Corp. v. United States, 818 F.2d at 912) (emphasis added).

The same analysis applies to plaintiff's claim that his manager assaulted him. See Compl. ¶ 21. In Koch v. United States, 209 F. Supp. 2d 89 (D.D.C. 2002), plaintiff raised this issue in support of claims under the Federal Tort Claims Act ("FTCA") for assault and intentional infliction of emotional distress. Judge Lamberth dismissed both claims as not cognizable under the FTCA and also determined that the Court lacked jurisdiction over the claims because plaintiff had failed to exhaust his administrative remedies. See id. at 94-96. Plaintiff now argues that the alleged assault was retaliatory and part of a hostile work environment in violation of the various civil rights laws he invokes in the current lawsuit. See Compl. ¶¶ 21, 22. Issue preclusion does not bar these allegations.

Finally, plaintiff's allegation that he was subjected to harassment by SEC managers between September 1999 and February 2001, see Compl. ¶ 20, is not barred by the decision in Koch v. Donaldson, 260 F. Supp. 2d 86, 89 (D.D.C. 2003), because that case only addressed alleged harassment between October 1998 and October 1999.

### B. Issues Pending in Collateral Litigation

Numerous of plaintiff's allegations in this case also are pending in Koch v. Schapiro, Civil Action No. 02-1492 (D.D.C.). The Court will dismiss all allegations from the complaint in this case that currently are pending in that earlier filed suit.[6] As in the current case, Civil Action Number 02-1492 is an action against the SEC alleging discrimination and retaliation

---

[6] The SEC has filed a motion for summary judgment in that case and that motion is pending.

under Title VII of the Civil Rights Act, the Rehabilitation Act, and the ADEA. As a general rule, "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." See Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C. Cir. 1980)); see also Adams v. California Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citing Zerilli); Great American Ins. Co. v. Gross, 468 F.3d 199, 207 n.6 (4th Cir. 2006) (collecting cases).

Having reviewed the complaints in both cases, the Court concludes that the following allegations in the current case involve the same subject matter as claims pending in Koch v. Schapiro, Civil Action No. 02-1492, and they therefore will be dismissed: allegations regarding plaintiff's work assignments, compare Compl. ¶¶ 8, 9, with Complaint, Koch v. Schapiro, Civil No. 02-1492, Dkt. 1 ¶ 9 ("Collateral Compl."); plaintiff's allegation that he was denied access to EEOC counselors, compare Compl. ¶ 10, with Collateral Compl. ¶ 20; plaintiff's allegation regarding his leave restriction, compare Compl. ¶ 11, with Collateral Compl. ¶ 31; plaintiff's allegation regarding the SEC's strict monitoring of his attendance, compare Compl. ¶ 12, with Collateral Compl. ¶¶ 17, 31; plaintiff's allegation regarding the SEC's failure to accommodate his alleged disability, compare Compl. ¶ 17, with Collateral Compl. ¶¶ 29, 31; and plaintiff's allegations regarding his supervisor's laughter upon plaintiff's request for a transfer, compare Compl. ¶ 18, with Collateral Compl. ¶ 29.

Plaintiff argues that some of the offenses alleged in the current complaint cover a time period subsequent to the filing of his complaint in Koch v. Schapiro, Civil Action No. 02-1492, but this argument is unavailing. See Opp. at 9-10. Most of the allegations discussed above are one-time events that would not still be occurring. To the extent, however, that the

11

events alleged in the collateral case continued past the time periods alleged in that case, plaintiff's proper remedy is to move for leave to amend the collateral complaint. The Court will dismiss these claims in the case now before the Court, and the parties can await their resolution in the previously initiated litigation. See Zerilli v. Evening News Ass'n, 628 F.2d at 222 (upholding district court's dismissal of plaintiff's claim that duplicated a claim against the same defendant already pending before the district court); see also FED. R. CIV. P. 42(a)(3) (allowing a court to issue any order in the interest of avoiding unnecessary cost or delay where two separate actions before the court involve a common question of law or fact).

*C. Remaining Issues*

1. Exhaustion of Administrative Remedies

Federal employees must exhaust their administrative remedies before filing suit under Title VII, the Rehabilitation Act, or the Age Discrimination in Employment Act. See 42 U.S.C. § 2000e-16(c) (Title VII claims); 29 U.S.C. § 794a(a)(1) (applying the remedies, procedures, and rights associated with Title VII, Section 2000e-16 claims to Rehabilitation Act claims); 29 U.S.C §633a(b) (outlining administrative exhaustion for ADEA claims). Exhaustion of administrative remedies is a jurisdictional requirement for claims arising under the Rehabilitation Act. See Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006); Moore v. Schafer, 573 F. Supp. 2d 216, 219 & n.4 (D.D.C. 2008). It therefore is plaintiff's burden to show that he has exhausted his claims under the Rehabilitation Act. In contrast, failure to exhaust under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement. See Rann v. Chao, 346 F.3d 192, 194-95 (D.C. Cir. 2003) (ADEA Claims); Pearsall v. Holder, 610 F. Supp.

2d 87, 95 (D.D.C. 2009) (Title VII claims). It therefore is defendant's burden to show that plaintiff did not exhaust his remedies for the claims brought under those statutes. See Porter v. Jackson, 668 F. Supp. 2d 222, 230 n.6 (D.D.C. 2009); Singleton v. Potter, 402 F. Supp. 2d 12, 33 (D.D.C. 2005).

Defendant argues that certain of plaintiff's remaining claims should be dismissed for failure to exhaust his administrative remedies — specifically, she argues that plaintiff's allegation regarding his formal reprimand on October 13, 1999, see Compl. ¶ 15, should be dismissed because plaintiff did not contact an EEO counselor within forty-five days of the reprimand's occurrence as required by 29 C.F.R. § 1614.105(a)(1). See Mot., Ex. 5 (EEOC decision stating that plaintiff did not contact an EEO counselor until October 3, 2000). Defendant also argues that plaintiff failed to raise allegations regarding his curfew before the EEOC, see Compl. ¶ 13, and that these allegations should be dismissed for failure to exhaust as well. See Mot., Ex. 5 (making no reference of allegations regarding curfew).

The Court finds that neither party has carried his or her burden with regard to exhaustion of these claims. Although defendant attaches a copy of a decision by the EEOC that involves many of the same claims as those pending before the Court, see Mot., Ex. 5, it is not clear to the Court that this is the only relevant administrative decision regarding the plaintiff. Nor did defendant attach an affidavit or declaration from anyone at the EEOC stating that plaintiff had no other relevant contact with the EEOC. In particular, because plaintiff has alleged that he did in fact exhaust his claims and that EEOC counselors did not return his phone calls, see Compl. ¶ 10, the Court cannot rely on the agency's unsworn submission to conclude that he failed to exhaust these claims. Nor has plaintiff, who has submitted no supporting

13

documentation, met his burden to establish subject matter jurisdiction for his claims under the Rehabilitation Act by showing that he has exhausted his administrative remedies. The Court will deny defendant's motion to dismiss with respect to the claims that defendant argues are unexhausted.

Plaintiff's motion for discovery pursuant to Rule 56(f) seeks, among other things, discovery as to whether he exhausted his remaining claims. See 56(f) Mot., at 14-16. Although the Rule 56(f) motion is not procedurally proper because no summary judgment motion has been filed, see FED. R. CIV. P. 56(f), the Court agrees that discovery regarding whether Mr. Koch properly exhausted his claims would be useful. As discussed below, Mr. Koch's only claims to survive the motion to dismiss, however, are allegations regarding his formal reprimand in 1999 and the imposition of his curfew. The parties may engage in limited discovery regarding whether these claims have been exhausted.

2. Plaintiff's Remaining Allegations

Plaintiff's remaining allegations are that: (1) the SEC frequently required documentation from plaintiff for plaintiff's medical visits in connection with his alleged disability, see Compl. ¶ 14; (2) plaintiff was subject to abusive and discourteous treatment by SEC managers between September 1999 and February 14, 2001, see id. ¶ 20; and (3) an SEC manager allegedly assaulted plaintiff, see id. ¶ 21.

To maintain either a discrimination or a retaliation claim under Title VII, the ADEA, or the Rehabilitation Act an employee must allege that he or she suffered an adverse action because of his or her race, color, religion, sex, national origin, age, or disability (for

discrimination claims), or prior protected activity (for retaliation claims).  See Baloch v. Kempthorne, 550 F.3d 1191, 1196, 1198 (D.C. Cir. 2008).  An adverse action in the discrimination context is a "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits."  Douglas v. Donovan, 559 F.3d 549, 552 (D.C. Cir. 2009) (quoting Taylor v. Small, 350 F.3d 1286, 1293 (D.C. Cir. 2003)).  As for plaintiff's retaliation claim, actionable adverse actions in the retaliation context are "not limited to discriminatory actions that affect the terms and conditions of employment" and may extend to harms that are not workplace-related or employment-related so long as "a reasonable employee would have found the challenged action materially adverse."  Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 64, 68 (2006); see also Baloch v. Kempthorne, 550 F.3d at 1198 n.4.  An action is adverse if it likely would have "dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. at 60 (internal quotations omitted).

Neither plaintiff's allegations relating to the alleged assault nor those relating to the SEC's requests for medical documentation amounts to an adverse action, even under the more expansive definition of an adverse action used for retaliation claims.  With regard to the alleged assault by plaintiff's manager, the Court takes notice of the undisputed facts proffered by the parties with regard to this event in Koch v. United States, 209 F. Supp. 2d at 91 & n.1.  A review of that opinion makes clear that while plaintiff's supervisor yelled at him, no physical

15

contact occurred.[7] As the court of appeals has said about a supervisor's profanity-laden yelling, "sporadic verbal altercations or disagreements do not qualify as adverse actions for purposes of retaliation claims." Baloch v. Kempthorne, 550 F.3d at 1199 (citing Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. at 68)); see also Hunter v. Clinton, 653 F. Supp. 2d 115, 123 (D.D.C. 2009).

        Plaintiff's allegations about defendant's requests for medical documentation are not adverse actions either. See Compl. ¶ 14. Absent some tangible effect on the employee's terms and conditions of employment or other material harm, an employer's request for medical documentation for the purpose of assessing an employee's credibility or determining an appropriate accommodation is not an adverse employment action. See Dage v. Johnson, 537 F. Supp. 2d 43, 63-64 (D.D.C. 2008) (mandatory biannual recertification process based on current medical documentation is not a material adverse action); Alexander v. Tomlinson, 507 F. Supp. 2d 2, 17 n.13 (D.D.C. 2007) (supervisor's request for medical documentation and threat to place plaintiff on AWOL absent such documentation did not rise to the level of material adverse employment action where plaintiff was never actually placed on AWOL). The foregoing allegations therefore are dismissed for failure to state a material adverse employment action.

---

[7]     The most that plaintiff alleged was the following: "On the afternoon of April 7, 2000, [his supervisor ]went to the office of plaintiff Koch. According to plaintiff Koch, [the supervisor] approached plaintiff Koch and put his face approximately four or five inches away from plaintiff Koch's face. [The supervisor] then pointed his finger at plaintiff Koch, threatened to sue plaintiff Koch for slander, and stated that he would "suck [plaintiff Koch's] wallet clean. . . . [The supervisor] used profanity, and spoke in a loud and angry voice. [The supervisor] then left plaintiff Koch's office." Koch v. United States, 209 F. Supp. 2d at 91.

The Court concludes that plaintiff's only remaining allegation regarding discourteous treatment is too conclusory and insufficient to state a claim for relief. Plaintiff alleges that he "was repeatedly subject to abusive and discourteous treatment by various managers in the period between September 1999 and February 14, 2001." See Compl. ¶ 20. As far as the Court can discern, this allegation appears to be a broad assertion in support of his general hostile work environment claim. As explained above, all of the specific allegations that would potentially support a hostile work environment claim are being dismissed today for other reasons.[8] Even if those claims were being considered to place in context plaintiff's allegations of discourteous treatment as a part of his hostile work environment claim, that claim still would not survive.

"Hostile work environment claims are not meant to set a general code for the workplace; rather a workplace environment becomes hostile 'only when offensive conduct permeate[s] [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" Ramey v. Potomac Elec. Power Co., 468 F. Supp. 2d 51, 58 n.8 (D.D.C. 2006) (citing Stewart v. Evans, 275 F.3d 1126, 1133 (D.C. Cir. 2002)). Plaintiff's conclusory allegation about unspecified discourteous and abusive treatment does not meet this standard, nor is there any basis to infer that any such treatment was motivated by discriminatory or retaliatory animus. See Badibanga v. Howard Univ. Hosp., Civil Action No. 09-1781, 2010 U.S. Dist. LEXIS 4305, at *10-11 (D.D.C. Jan. 20, 2010) (dismissing hostile work environment claim because allegations did not show

---

[8] As discussed above, plaintiff's claims regarding his 1999 formal reprimand and the alleged imposition of a strict curfew, however, will proceed to discovery with regard to whether they were properly exhausted.

requisite level of severity); Hunter v. Clinton, 653 F. Supp. 2d at 124-25.  This claim therefore is dismissed.  See Middlebrooks v. Bonner Kiernan Trebach & Crociata, Civil Action No. 09-1782, 2009 U.S. Dist. LEXIS 110795, at *5-8 (D.D.C. Nov. 30, 2009) (conclusory statements regarding discrimination do not survive a motion to dismiss) (citing Ashcroft v. Iqbal, 129 S. Ct at 1949).

## IV.  CONCLUSION

For the reasons stated above, the Court will grant defendant's motion to dismiss in part and will deny it in part, and the Court will grant plaintiff's Rule 56(f) motion for discovery in part and deny it in part.  Discovery in this case will proceed, but will be limited to whether or not plaintiff exhausted his claims regarding his formal reprimand on October 13, 1999 and the SEC's alleged imposition of a curfew upon him.  An Order consistent with this Opinion will be issued this same day.

SO ORDERED

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 29, 2010