UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
RANDOLPH S. KOCH,                                )
                                                                    )
                        Plaintiff,                            )
        v.                                                         )          Civil Action No. 08-1521 (PLF)
                                                                    )
ELISSE B. WALTER,                                    )
                Chairman,                                    )
        Securities and Exchange Commission   )
                                                                    )
                        Defendant.[1]                       )
_____ )

OPINION

        In this employment discrimination lawsuit, plaintiff Randolph S. Koch has

charged his former employer, the Securities and Exchange Commission ("SEC"), with violating

various provisions of the Rehabilitation Act, the Age Discrimination in Employment Act

("ADEA"), and Title VII of the Civil Rights Act of 1964.  On March 29, 2010, the Court

dismissed all but two claims in this case.  Koch v. Schapiro, 699 F. Supp. 3, 6 (D.D.C. 2010).

This matter is now before the Court on the SEC's motion for summary judgment on the two

remaining claims.  The SEC contends that Mr. Koch failed to exhaust his administrative

remedies and therefore cannot bring this case in federal court.  Upon consideration of the parties'

papers, the relevant legal authorities, and the entire record in this case, the Court will grant the

SEC's motion.[2]

_____

        [1]        The Court has substituted Chairman Elisse B. Walter in place of former Chairman
Mary L. Schapiro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

        [2]        The papers considered in connection with the pending motion include: plaintiff's
complaint ("Compl.") [Dkt. No. 1]; defendant's motion for summary judgment [Dkt. No. 39];
defendant's memorandum in support of motion for summary judgment ("Def.'s Mot.") [Dkt. No.

## I. BACKGROUND

### A. Procedural History

Randolph Koch, a white, Jewish male, worked as a financial analyst at the SEC from December 16, 1991 until after this lawsuit was filed in August 2008.  Compl. ¶¶ 4, 6, 8. Mr. Koch alleges that he suffers from cardiovascular disease, obstructive sleep apnea, and gout, among other medical conditions.  Id. ¶ 6.  At the time of the events giving rise to this action, Mr. Koch was over 40 years of age.  Id.  Mr. Koch has filed several lawsuits against the SEC and other government agencies alleging instances of discrimination and retaliation under the Rehabilitation Act, the ADEA, and Title VII.  Id. ¶ 7.  See, e.g., Koch v. Holder, --- F. Supp. 2d ----, 2013 WL 953368 (D.D.C. Mar. 13, 2013); Koch v. Schapiro, 777 F. Supp. 2d 86 (D.D.C. 2011); Koch v. Schapiro, 759 F. Supp. 2d 67 (D.D.C. 2011); Koch v. Donaldson, 260 F. Supp. 2d 86 (D.D.C. 2003).

In the present action, Mr. Koch claims that SEC managers subjected him to discriminatory and retaliatory actions based on his various protected statuses under the Rehabilitation Act, Title VII and the ADEA, and because of his prior involvement in protected activities.  Compl. ¶ 22.  He also alleges that the agency failed to provide reasonable accommodations for his disabilities under the Rehabilitation Act.  Id.  He asserts that the aggregate of these actions was sufficient to create a hostile work environment.  Id.

---

39]; defendant's statement of material facts as to which there is no genuine issue ("Def.'s Stmt. Mat. Facts") [Dkt. No. 39]; declaration of Paul R. Brockmeyer, Def.'s Mot. Ex. A ("Brockmeyer Decl.") [Dkt. No. 39-1]; declaration of Fran L. Paver, Def's Mot. Ex. C ("Paver Decl.") [Dkt. No. 39-3]; plaintiff's opposition to defendant's motion ("Pl.'s Opp.") [Dkt. No. 62]; plaintiff's declaration in support of his opposition to defendant's motion to dismiss ("Koch Decl.") [Dkt. No. 62]; plaintiff's statement of material facts about which there is genuine dispute ("Pl.'s Stmt. Mat. Facts") [Dkt. No. 62]; and defendant's reply in support of summary judgment motion ("Def.'s Reply") [Dkt. No. 64].  Pages cited for exhibits to the Paver Declaration refer to the document production number specified in the bottom right corner of each page.

In its March 29, 2010 decision, this Court granted in part and denied in part the SEC's motion to dismiss the complaint.  <u>Koch v. Schapiro</u>, 699 F. Supp. at 6.  The Court's decision narrowed the issues in this action to two claims: whether SEC managers acted in a discriminatory and retaliatory manner (i) when they imposed a "curfew" on Mr. Koch, under which he was required to leave SEC premises at a certain time each day, and (ii) when they issued him a formal letter of reprimand.  <u>Id.</u> at 15; <u>see</u> <u>also</u> Compl. ¶¶ 13, 15, 22; Def.'s Stmt. Mat. Facts ¶¶ 3-4.  The Court noted that its decision left open the preliminary question of whether Mr. Koch had exhausted his administrative remedies before presenting these claims in this Court.  <u>Koch v. Schapiro</u>, 699 F. Supp. 2d at 12-13.  Accordingly, the Court denied without prejudice the SEC's motion to dismiss those claims and permitted limited discovery on those issues.  <u>Id.</u> at 15.

On August 26, 2010, the SEC filed a motion for summary judgment as to the two remaining claims.[3]  It contends that Mr. Koch failed to exhaust his administrative remedies because he did not timely initiate contact with an Equal Employment Opportunity ("EEO") counselor as required by 29 C.F.R. § 1614.105(a)(1) (2012).  Def.'s Mot. at 2-3.  In addition, the SEC argues that Mr. Koch's refusal to cooperate with the EEO counselor he eventually contacted constituted a failure to exhaust the administrative counseling requirement.  <u>Id.</u> at 3.

---

[3]     Although Mr. Koch objects to the SEC's submission of this motion in lieu of an answer, a defendant "is not required to respond in the form of an answer before making a motion for summary judgment, which may be made by a defending party 'at any time.'" <u>Jones v. Dep't of Justice</u>, 601 F. Supp. 2d 297, 302 (D.D.C. 2009) (quoting F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 56(b)).

### B. Administrative Counseling of Mr. Koch's Claims

A timeline of the relevant administrative proceedings follows:

On September 15, 1999, SEC management gave Mr. Koch a work departure directive (the "curfew"), under which Mr. Koch was required to leave the SEC by a certain time each day.  Compl. ¶ 13; Def.'s Stmt. Mat. Facts ¶ 3.  On October 13, 1999, SEC management issued Mr. Koch a formal reprimand, which he believes was undeserved and unjustified and given in part in retaliation for engaging in protected activities.  Compl. ¶ 15; Def.'s Stmt. Mat. Facts ¶ 4.

Mr. Koch asserts that in September or October 1999, he contacted a counselor in the Boston branch of the SEC's EEO Office to initiate pre-complaint counseling for these events, which he considered to be discriminatory and retaliatory.  Pl.'s  Stmt. Mat. Facts ¶ 45; Def.'s Stmt. Mat. Facts ¶¶ 4-5.  But this counselor was not available to provide counseling to him.  Pl.'s Stmt. Mat. Facts ¶ 45; Def.'s Stmt. Mat. Facts ¶¶ 4-5.  Mr. Koch then made requests for counseling to other SEC EEO staff, but he continued to be unsuccessful in locating an available counselor.  Pl.'s Stmt. Mat. Facts ¶ 37; Def.'s Stmt. Mat. Facts ¶ 6.

In the spring of 2000, Mr. Koch requested that he be assigned a counselor for these claims by the SEC's EEO Office.  Def.'s Stmt. Mat. Facts ¶ 7.  The EEO Office initially responded that it did not assign specific counselors, but on June 1, 2000, the office informed Mr. Koch that counselor Steven Yadegari would be available to assist him.  Def.'s Stmt. Mat. Facts ¶¶ 7-8.  Mr. Koch did not contact Mr. Yadegari for over two months, however, during which time Mr. Yadegari became unavailable.  Def.'s Stmt. Mat. Facts ¶ 9.  In August and September 2000, the EEO Office gave Mr. Koch the names of additional counselors, including Melanie Adams, who could assist him with counseling.  Def.'s Stmt. Mat. Facts ¶¶ 10-12.

Mr. Koch contacted Ms. Adams on October 3, 2000, and Ms. Adams responded that she was available.  Def.'s Stmt. Mat. Facts ¶ 12; Paver Decl. Ex. 3 at 7-8.  After she did not hear back from Mr. Koch, Ms. Adams sent him an email on October 11, 2000, asking if he still needed her assistance.  Def.'s Stmt. Mat. Facts ¶ 13.  Mr. Koch replied on October 30, 2000, and expressed his desire to commence the EEO process, promising to "prepare a list of issues to be counseled."  Def.'s Stmt. Mat. Facts ¶ 14; Paver Decl. Ex. 3 at 7.  He also stated his preference that counseling be performed only through written correspondence, stating:  "The EEO Office (and the EEOC) apparently take the position that final counseling interviews can be conducted by written communication, rather than face-to-face or other meeting, so I see no reason why the rest of the process cannot be handled through written correspondence as well."  Paver Decl. Ex. 3 at 7; see also Def.'s Stmt. Mat. Facts ¶ 14.

Mr. Koch did not send Ms. Adams the list of issues he promised, however, so she sent him a follow-up email on November 14, 2000.  When Mr. Koch responded on November 21, 2000, he explained that he would not, in fact, identify specific issues or incidents, as there were "numerous incidents – too many to mention."  Paver Decl. Ex. 4 at 10. He continued:

> Suffice it to say that these incidents are part of a continuous campaign and program of reprisal and harassment.  It would take too much research and time at this point to reconstruct all the events.  Further, as part of the counseling process I do not need to describe in specific detail the basis, the reasons for my belief that such actions were discriminatory and so on.

Id.; see also Def.'s Stmt. Mat. Facts ¶ 16. He then stated:

> I will provide answers to your questions, but only with the limited detail necessary.  If you want the detail of the type you request, as well as information as to why I think such actions are discriminatory, it should be provided in the agency's investigation, not counseling.

Paver Decl. Ex. 4 at 11; see also Def.'s Stmt. Mat. Facts ¶ 18.  There is no evidence in the record

that Mr. Koch ever submitted a list of issues or incidents to Ms. Adams, and he does not suggest

that he did.

After counseling failed to resolve his concerns, Mr. Koch filed an administrative

complaint, alleging that the imposition of the curfew and the formal reprimand, along with

several other acts, constituted violations of the ADEA, Title VII, and the Rehabilitation Act.

Def.'s Stmt. Mat. Facts ¶ 1; Brockmeyer Decl. ¶ 3.  The SEC issued a Notice of Partial

Acceptance and Partial Rejection of his claims on May 1, 2001, in which the agency dismissed

Mr. Koch's claims relating to the curfew and formal reprimand as untimely pursuant to 29

C.F.R. § 1614.107 (2012).  See Koch v. Cox, No. 0120061643, 2008 WL 1847587, at *1-2

(E.E.O.C. Apr. 2, 2008) (discussing agency's dismissal).  The Equal Employment Opportunity

Commission ("EEOC") affirmed that decision on April 2, 2008.  Id.

## II.  LEGAL STANDARD

While Mr. Koch is proceeding *pro se* in this case, the Court notes that Mr. Koch

is a lawyer, see Pl.'s Decl. ¶¶ 3-4, and an active litigant who has considerable experience

pursuing employment discrimination matters.  Nevertheless, the Court reviews his filings under

"less stringent standards than formal pleadings [or legal briefs] drafted by lawyers."  Chandler v.

W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v.

Kerner, 404 U.S. 519, 520 (1972)).

Summary judgment may be granted under Rule 56 if the party seeking to dismiss

a claim demonstrates that there is no genuine dispute as to any material fact, and that they are

entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  "A fact is 'material' if a dispute

over it might affect the outcome of a suit under the governing law; factual disputes that are

'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  Issues are considered "genuine" if, given the evidence, "a reasonable jury could return a verdict for the nonmoving party." Koch v. Schapiro, 697 F. Supp. 2d 65, 68-69 (D.D.C. 2010).

In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 255).  On a motion for summary judgment, the court cannot make credibility determinations or weigh the evidence before it. Mahoney v. Donovan, 824 F. Supp. 2d 49, 57 (D.D.C. 2011).  In order to survive a summary judgment motion, the non-moving party "is required to provide evidence that would permit a reasonable jury to find in [his] favor." Id.

## III.  DISCUSSION

Federal employees must exhaust their administrative remedies before filing suit under Title VII, the Rehabilitation Act, or the ADEA.  See 42 U.S.C. § 2000e-16(c) (requiring exhaustion under Title VII procedures); 29 U.S.C. § 794a(a)(1) (applying the remedies, procedures, and rights associated with Title VII claims to Rehabilitation Act claims); 29 U.S.C § 633a(b)-(d) (providing exhaustion requirements under the ADEA); see also Payne v. Salazar, 619 F.3d 56, 58 (D.C. Cir. 2010).  To begin that process, the employee generally must contact an EEO counselor to complain about the alleged violation within 45 days of its occurrence.  29 C.F.R. § 1614.105; see also Woodruff v. Peters, 482 F.3d 521, 527 (D.C. Cir. 2007).  If the matter is not resolved through counseling, the employee may timely file an administrative complaint with the agency's EEO office.  See 29 C.F.R. § 1614.106(a)-(c) (2012).  After the

agency has the opportunity to investigate the matter, the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge.  See 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f) (2012).  A complainant may file a civil action within 90 days of receipt of the final decision from the agency or after a complaint has been pending for at least 180 days.  See 29 C.F.R. § 1614.407 (2012).

Exhaustion of administrative remedies is a jurisdictional requirement for claims arising under the Rehabilitation Act.  See Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006); Moore v. Schafer, 573 F. Supp. 2d 216, 219 & n.4 (D.D.C. 2008).  It therefore is Mr. Koch's burden to show that he has exhausted his claims under the Rehabilitation Act.  In contrast, failure to exhaust under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement.  See Koch v. Schapiro, 699 F. Supp. 2d at 12; Pearsall v. Holder, 610 F. Supp. 2d 87, 95 (D.D.C. 2009).  Accordingly, the SEC has the burden of showing that Mr. Koch did not exhaust his remedies for the claims brought under those statutes.  See Porter v. Jackson, 668 F. Supp. 2d 222, 230 n.6 (D.D.C. 2009); Singleton v. Potter, 402 F. Supp. 2d 12, 33 (D.D.C. 2005).

### A.  Timely Initiation of Contact

Under the Rehabilitation Act, Title VII, and the ADEA, aggrieved individuals must "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory."  29 C.F.R. § 1614.105(a)(1).  The agency must dismiss a complaint "[t]hat fails to comply with the applicable time limits contained in [Section] 1614.105 . . . unless the agency extends the time limits[.]"  29 C.F.R. § 1614.107(a)(2).  An employee satisfies Section 1614.105(a)(1)'s timeliness requirement if he (1) contacts "an agency official logically connected with the EEO process, even if that official is not an EEO counselor," and (2) "exhibit[s] an intent to begin the EEO process."  Miller v. Hersman, 594 F.3d 8, 11 n.1

(D.C. Cir. 2010) (quoting Osuagwu v. Peake, No. 0120081307, 2008 WL 2264405, at *1

(E.E.O.C. May 20, 2008)); see also Mahoney v. Donovan, 824 F. Supp. 2d at 59; Klugel v.

Small, 519 F. Supp. 2d 66, 71 (D.D.C. 2007).

        Thus, to timely exhaust his administrative remedies, Mr. Koch was required to

contact an official logically connected to the EEO process and express his intent to begin the

counseling process within 45 days of the imposition of his "curfew" on September 15, 1999, and

within 45 days of the issuance of the reprimand on October 13, 1999.

        Mr. Koch avers that starting in early September 1999, he made repeated attempts

to secure counseling for these and other claims.  Koch Decl. ¶¶ 37, 44, 45.  For the purposes of

the summary judgment motion, the SEC does not contest this assertion.  Def.'s Stmt. Mat. Facts

¶¶ 4-5.  As discussed, supra at 4, Mr. Koch contacted a counselor in the fall of 1999, but the

counselor was unavailable; and he made numerous requests for counseling to other SEC EEO

staff without success until the staff finally provided him with the names of counselors in the

summer and fall of 2000.  The SEC has submitted evidence that Mr. Koch informed the EEO

office in March 2000 that he had experienced difficulties locating a counselor.  Paver Decl.

Ex. 1.

        Despite this evidence that Mr. Koch contacted the EEO Office during the 45-day

window and thereafter, the SEC asserts that Mr. Koch did not make an "initial contact with a

Counselor" until October 3, 2000, when he asked Ms. Adams if she was available to counsel

him.  See Def.'s Mot. at 5.  The SEC provides no explanation as to why Mr. Koch's earlier

requests to other EEO counselors should not constitute an "initial contact."  Instead, the SEC

posits that Mr. Koch's deadline for initiating contact was "constructively extended" by the EEO

Office providing him with Mr. Yadegari's name on June 1, 2000.  Id. at 4.  Taking June 1, 2000,

as the starting point for the 45-day window, the SEC concludes that Mr. Koch failed to timely contact a counselor because he did not reach out to Mr. Yadegari within 45 days after June 1, 2000.  Id. at 4-5.

   The Court does not agree.  By contacting the EEO Office in the fall of 1999 with his complaints and thereafter, Mr. Koch was in touch with individuals who indisputably were "logically connected" to the EEO process and signaled his intent to begin that process.  Even though Mr. Koch did not begin counseling until the fall of 2000, he nonetheless "initiated" contact when he sought counseling.  See Morris v. Jackson, 842 F. Supp. 2d 171, 178 (D.D.C. 2012) ("The regulation does not require that a plaintiff meet with a counselor within 45 days, just that she initiate contact within that time."); Boone v. Clinton, 675 F. Supp. 137, 143 (D.D.C. 2009) (same);  Lloyd v. Chao, 240 F. Supp. 2d 1, 3-4 (D.D.C. 2002) (holding that plaintiff exhausted administrative remedies even though she did not begin EEO counseling until a year after events in question, where agency was put on notice of alleged discrimination within 45-day window).

### B.  Failure to Cooperate

   To exhaust his administrative remedies, an employee not only must request a counselor, but also must participate in the EEO counseling process before filing his administrative complaint.  29 C.F.R. § 1614.107(a)(2); Artis v. Greenspan, 158 F.3d 1301, 1306 (D.C. Cir. 1998).  And under the regulations, the agency must dismiss a complaint "that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor."  29 C.F.R. § 1614.107(a)(2).

   EEO counseling serves the purpose of "enabl[ing] the agency and its employee 'to try to informally resolve the matter' before an administrative charge is filed."  Artis v. Bernanke,

630 F.3d 1031, 1034 (D.C. Cir. 2011) (quoting 12 C.F.R. § 268.104(a));[4] see also Lloyd v. Chao,

240 F. Supp. 2d at 3 ("The purpose of the EEO counseling requirement is to give a federal

agency an opportunity to informally resolve an employee's complaint by conducting internal

investigations."); Mills v. Billington, Civ. Action No. 04-2205, 2006 WL 1371683, at *4 (D.D.C.

May 16, 2006) (noting exhaustion requires a "good faith effort" to cooperate with the agency and

EEOC).  As the D.C. Circuit has observed, "the purposes of counseling and mediation are not to

compile a record for judicial review but instead simply to afford the employee and the employing

office an opportunity to explore and possibly resolve the employee's claims informally."  Artis v.

Bernanke, 630 F.3d at 1035 (quoting Blackmon-Malloy v. United States Capitol Police Bd., 575

F.3d 699, 711-12 (D.C. Cir. 2009)).

     To satisfy the counseling requirement, an employee must present claims "in a

manner that lends itself to potential resolution. . . .  [P]roviding the agency with bare 'notice' of

the basis of a complaint during the counseling stage is not enough."  Artis v. Greenspan, 158

F.3d at 1306; see also Artis v. Bernanke, 630 F.3d at 1035 (counseling serves its purpose if it

"produces 'sufficient information to enable the agency to investigate the claim.'").  Thus, an

employee's failure to provide sufficient information during the EEO counseling phase to enable

the agency to investigate or mediate the claim may constitute a failure to exhaust administrative

remedies.  "Exhaustion serves no purpose . . . if an employee fails to cooperate in the

administrative process[.]"  Bell v. Donley, 724 F. Supp. 2d 1, 13 (D.D.C. 2010).

     The SEC argues that Mr. Koch's refusal to provide Ms. Adams with sufficient

information regarding his claims of discrimination and retaliation constitutes a failure to exhaust

---

[4]     The regulations governing the administrative procedures for filing complaints
with the Federal Reserve Board, 12 C.F.R. § 268.1 et seq., which the D.C. Circuit examined in
Artis v. Bernanke and Artis v. Greenspan, mirror the EEOC regulations, 29 C.F.R. § 1614.101 et
seq.  See Artis v. Bernanke, 630 F.3d at 1034.

his administrative remedies.  Def.'s Mot. at 7.  The Court agrees.  Although Mr. Koch initially

told Ms. Adams that he would "prepare a list of issues to be counseled," Paver Decl. Ex. 3 at 7,

there is no evidence in the record that he did so.  Instead, he refused to provide information about

specific instances of discrimination or retaliation, declaring that there were "numerous incidents

– too many to mention," and that it "would take too much research and time at this point to

reconstruct all the events."  Paver Decl. Ex. 4 at 10.  Even after Ms. Adams asked for a list of his

allegations, Mr. Koch continued to assert that requests for information, such as the dates of the

alleged discriminatory events, "should properly be addressed in the investigation, not

counseling."  Id. at 9; see also id. at 10 (asserting that "as part of the counseling process," he did

"not need to describe in specific detail the basis, the reasons for my belief that such actions were

discriminatory.").

    Refusal to provide basic information about claims defeats the purpose of

counseling, which is to afford the agency an opportunity to investigate the matter and possibly

resolve it informally.  See Wilson v. Peña, 79 F.3d 154, 165 (D.C. Cir. 1996) (noting that the

exhaustion doctrine is properly invoked where "complainants rest on vague allegations of

discrimination and refuse to provide any details or dates, thus completely frustrating the

agencies' ability to investigate complaints"); see also Artis v. Greenspan, 158 F.3d at 1306; Bell

v. Donley, 724 F. Supp. 2d at 13 ("[F]ailure to cooperate in the investigation will be equated

with a failure to exhaust administrative remedies[.]").  The Court finds there is no genuine

dispute that Mr. Koch refused to present his claims "in a manner that lends itself to potential

resolution."  See Artis v. Greenspan, 158 F.3d at 1306.  Because Mr. Koch failed to meet the

counseling requirement under 29 C.F.R. § 1614.105(a)(1), he has failed to properly exhaust his

administrative remedies.  The Court therefore has no authority to review his Rehabilitation Act

claims.  See Spinelli v. Goss, 446 F.3d at 162; Avocados Plus Inc. v. Veneman, 370 F.3d 1243,

1247-48 (D.C. Cir. 2004).

        In contrast, as noted, see supra at 8, failure to exhaust under the ADEA and Title

VII is not a jurisdictional requirement, as it is under the Rehabilitation Act, but an affirmative

defense.  Thus, in certain circumstances, failure to exhaust may be excused on equitable grounds.

See Avocados Plus Inc. v. Veneman, 370 F.3d at 1247; Rann v. Chao, 346 F.3d 192, 195 (D.C.

Cir. 2003).  In this case, however, the Court finds no basis for excusing Mr. Koch's failure to

exhaust his Title VII or ADEA claims, as Mr. Koch presents no evidence to show that his refusal

to cooperate was made in good faith.  See Koch v. Schapiro, 777 F. Supp. 2d at 90 (refusing to

excuse nonexhaustion where Koch failed to participate in administrative investigation and had no

good faith basis for doing so).

        In his correspondence with the EEO Office, including his email communications

with Ms. Adams, Mr. Koch exhibited hostility towards the agency and towards the counseling

process.  On repeated occasions, he leveled accusations of bias and improper motive against

EEO staff.  After an EEO attorney sent Mr. Koch the names of additional counselors who were

available, Mr. Koch accused EEO personnel of "working actively to frustrate access to the

process."  Paver Decl. Ex. 1 at 3-4.  In a subsequent email Mr. Koch accused the office of

"corruption and violation of the required principles of neutrality and independence from

management."  Id. at 1.  In his November 21, 2000 email to Ms. Adams, in which he refused to

provide a list of issues or specify the incidents about which he was complaining, he questioned

the basis for Ms. Adams' request for information, stating:  "[T]here is no doubt in my mind that

you are requesting this kind of detail because this is a strategem [sic] designed by the [EEO

Office] to establish a basis for dismissal early in the administrative process."  Paver Decl. Ex. 4 at 10; <u>see</u> <u>also</u> Def.'s Stmt. Mat. Facts ¶ 17.

       The Court has carefully examined the parties' submissions and, despite Mr. Koch's assertions, can detect no evidence of bias or hostility on the part of EEO Office staff. On the other hand, there is ample, undisputed evidence that Mr. Koch did not proceed in good faith when he refused the opportunity for counseling.  The Court therefore will not excuse Mr. Koch's refusal to provide Ms. Adams with sufficient information to facilitate an informal resolution of his claim through the counseling process established by the regulations.  <u>See</u> <u>Koch</u> <u>v. Schapiro</u>, 777 F. Supp. 2d at 90-91.

## IV.  CONCLUSION

       The Court finds that there may be a genuine issue of material fact relating to whether Mr. Koch timely "initiated contact" with an EEO counselor, but there is no genuine dispute that he failed to comply with the counseling regulation and had no good faith basis for declining to do so.  The Court concludes that Mr. Koch's refusal to cooperate with the EEO constituted a failure to exhaust his administrative remedies.  Accordingly, defendant's motion for summary judgment will be granted.

       An Order and Judgment consistent with this Opinion shall be issued this same day.


                 /s/_____
                 PAUL L. FRIEDMAN
DATE:    March 30, 2013         United States District Judge